I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 5-7-13
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL GRANT,

        Plaintiff,

    vs.

ROD HOPPS et al.,

        Defendants.

Case No. EDCV 12-0491-UA (JPR)

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

On April 12, 2012, the Court denied Plaintiff's request to proceed in forma pauperis because the claims in his civil rights action would necessarily imply the invalidity of any conviction he might suffer on his pending state criminal charges. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). On March 14, 2013, the Ninth Circuit Court of Appeals reversed the denial of IFP, stating that Plaintiff's civil rights action should have been stayed until the conclusion of his state criminal case. See Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007).

On March 25, 2013, the Magistrate Judge issued a minute order requiring Plaintiff to update the Court on the status of his state criminal case no later than April 15, 2013. On April

1

1, 2013, the minute order was returned to the Court as undeliverable, with a notation that Plaintiff was no longer in custody. To date, Plaintiff has filed neither a change of address nor a response to the Magistrate Judge's March 25 minute order. The Court's review of the Ninth Circuit's docket for Plaintiff's appeal, C.A. No. 12-55941, shows the same address as that of record in this Court; the copy of the court of appeals' March 14 order mailed to Plaintiff was returned to that court on April 2 as undeliverable.

Local Rule 41-6 provides that

> [a] party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Plaintiff has failed to notify this Court of his current address within 15 days of the service date of the undelivered March 25 minute order, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address brings this case within the purview of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court

to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id.

In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Id. at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the Plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to keep the Court informed of his address. The risk of prejudice to Defendants is all the greater given that this action has already been pending for more than a year, albeit through no fault of Plaintiff's. No less drastic sanction appears available, as the Court has no way to communicate with Plaintiff. Although the fourth Carey factor weighs against dismissal - as it does in every case - together, the other factors outweigh the public's interest in disposing of the case on its merits.

It therefore is ORDERED that this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6, and the Court's inherent power to achieve

1 | the orderly and expeditious disposition of cases by dismissing
2 | actions for failure to prosecute.  See also Link v. Wabash R.R.
3 | Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734
4 | (1962).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 5/6/13

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge